IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MASSACHUSETTS BAY INSURANCE COMPANY,

    Plaintiff,

v.

CURTIS SCOTT LANGAGER,

    Defendant.

Case No. 16-CV-685-JED

**OPINION AND ORDER**

**I.    Background**

This case was initiated by the plaintiff, Massachusetts Bay Insurance Company, seeking a judicial declaration of "the obligations, if any, of Massachusetts Bay" to the defendant, Curtis Scott Langager, under a policy of insurance and, if such obligations exist, a declaration of "the amount of such coverage" to which Langager may be entitled. (*See* Complaint, Doc. 2 at 5). Langager filed a Counterclaim for breach of contract (Count I) and tortious breach of the insurer's duty of good faith and fair dealing (Count II). (Doc. 9). Massachusetts Bay filed an Answer to Count I (Doc. 15), and has moved to dismiss Count II (Doc. 14).

The following facts are alleged in Langager's Counterclaim. Langager "was seriously injured while in the course and scope of his employment with Pacific Shore." (Doc. 9 at 4, ¶ 1). Langager's injuries were caused by Pacific Shore's negligent use and maintenance of a delivery truck. (*Id.*). On the date of the accident, Pacific Shore had a policy of insurance with Massachusetts Bay, which included uninsured / underinsured motorist (UM) coverage. (*Id.* at ¶ 2). Langager was an insured under the policy. (*Id.* at 4, ¶ 3). The delivery truck was an uninsured motor vehicle, and Langager is entitled to benefits under the policy. (*Id.* at ¶¶ 4, 5). Langager

demanded that Massachusetts Bay pay him the policy limits, as his injuries exceeded the applicable limits. (*Id.* at ¶ 6; *see also id.* at 6, ¶ 18).

According to Langager's allegations, Massachusetts Bay "wholly and complete[ly] failed to respond to [Langager's] demand except for filing its Complaint for Declaratory Judgment." (*Id.* at ¶ 7). In addition, Massachusetts Bay "failed to properly investigate, evaluate and respond to its insured's request for insurance benefits and instead seeks to avoid its contractual obligations by bringing the instant litigation" and "failed to pay its insured [UM] benefits which are clearly due and owing, despite the fact that its insured has completed all conditions precedent under the [p]olicy." (*Id.* at 5, ¶¶ 8, 9). Langager further alleges that Massachusetts Bay refused to honor Langager's claim "without a legitimate, arguable reason," has unreasonably delayed payment of Langager's claim without a reasonable basis, and forced Langager into litigation in order to avoid its contractual obligations. (*Id.* at 7, ¶¶ 21(c), (d), (l)). As a result, Langager alleges that Massachusetts Bay has breached its duty to deal fairly and act in good faith. (*See id.* at 6-8).

## II. Dismissal standards

Massachusetts Bay cites *Okla. Stat.* tit. 12, § 2012(B)(6) as the basis for its dismissal motion. (Doc. 14). As this case is in federal court, the Federal Rules of Civil Procedure – not state procedural statutes – apply, and the Court will construe the dismissal motion under Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion, the Court must determine whether Count II of Langager's Counterclaim states a claim to relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-569 (2007). In making that determination, the Court must accept all well-pleaded allegations of the Counterclaim as true, even if doubtful, and must construe the allegations most favorably to Langager. *See id.* at 555.

The standard does "not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555-56, 570 (citations omitted). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]. And, of course, a well-pleaded [pleading] may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. at 556. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563.

### III. Langager has stated a plausible claim for bad faith

Under Oklahoma law, an insurer "has an implied duty to deal fairly and act in good faith with its insured." *Christian v. American Home Assurance Co.*, 577 P.2d 899, 904 (Okla. 1977). Violation of such a duty gives rise to an action in tort. *Id.* To state a claim of bad faith against an insurer under Oklahoma law, the claimant must plead the following elements: (1) he was covered under the insurance policy and the insurer was required to take reasonable actions in handling the claim; (2) the insurer's actions were unreasonable under the circumstances; (3) the insurer failed to deal fairly and in good faith toward the insured in the handling of the claim; and (4) the breach of the duty of good faith and fair dealing was the direct cause of any damages sustained by the insured. *See Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1128 (10th Cir. 2016) (quoting *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 (Okla. 2005)). "The essence of an action for breach of the duty of good faith and fair dealing 'is the insurer's unreasonable, bad-faith conduct.'" *Badillo*, 121 P.3d at 1093 (quoting *McCorkle v. Great Atlantic Ins. Co.,* 637 P.2d 583, 587 (Okla. 1981)). "A central issue in any analysis to determine whether breach has occurred is

gauging whether the insurer had a good faith belief in some justifiable reason for the actions it took or omitted to take that are claimed violative of the duty of good faith and fair dealing." *Id.* at 1093-94.

Applying the foregoing standards and elements, Langager has alleged facts that plausibly state a claim for bad faith under Oklahoma law. Langager alleges that: he was an insured under the policy (Doc. 9 at 4, ¶ 3); the delivery truck was an uninsured motor vehicle under the terms of the policy (*id.* at ¶ 4); and he is entitled to benefits under the policy (*id.* at ¶ 5). He further alleges that he made demand upon Massachusetts Bay, but Massachusetts Bay did not investigate, evaluate, or respond to Langager's demand, and refused to honor his claim "without a legitimate, arguable reason." Langager also asserts that Massachusetts Bay delayed payment without any reasonable basis and filed this lawsuit without further contact with Langager, in an effort to avoid its clear obligations to pay his claim. (*See id.* at ¶¶ 6-9, 18-21). While an insurer does not breach the duty of good faith merely by refusing to pay a claim or by litigating a "legitimate dispute" with a position that is "reasonable and legitimate," *see Thompson v. Shelter Mut. Ins.*, 875 F.2d 1460, 1462 (10th Cir. 1989), the facts alleged by Langager in his Counterclaim are that Massachusetts Bay did *not* have a reasonable or legitimate basis to deny the claim or to file this lawsuit before further contact with Langager.

The Motion to Dismiss Count II of the Counterclaim (Doc. 14) is **denied**. As a result, Langager's Motion to Strike (Doc. 20) allegations first raised by Massachusetts Bay in its reply is **moot**.

SO ORDERED this 18th day of August, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

4